FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE L., | No. 1:17-CV-03211-JTR |
| Plaintiff, | ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR REMAND |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are Plaintiff's Motion for Summary Judgment, ECF Nos. 14, and Defendant's Motion for Remand, ECF No. 19.  Attorney D. James Tree represents Nicole L. (Plaintiff); Special Assistant United States Attorney Leisa A. Wolf represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge. ECF No. 7.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **GRANTS** Defendant's Motion for Remand; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. §§ 405(g), § 1383(c).

**JURISDICTION**

Plaintiff filed applications for Supplemental Security Income (SSI) and

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

Disability Insurance Benefits (DIB) on March 9, 2011, Tr. 257, alleging disability since August 15, 2005, Tr. 219, 228, due to attention deficit disorder, depression, borderline personality disorder, anxiety, panic attacks, a back injury, and post-traumatic stress disorder. Tr. 261. The applications were denied initially and upon reconsideration. Tr. 139-46, 151-68. Administrative Law Judge (ALJ) M.J. Adams held a hearing on October 8, 2013 and heard testimony from Plaintiff and vocational expert Merrill Cohen. Tr. 42-82. At this hearing, Plaintiff amended her onset date to February 23, 2011. Tr. 46. The ALJ issued an unfavorable decision on January 21, 2014. Tr. 20-37. The Appeals Council denied review on March 30, 2015. Tr. 1-5. The ALJ's January 21, 2014 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed an action for judicial review in this district on May 28, 2015. Tr. 657-59. This Court remanded the case to the Commissioner for additional proceedings. Tr. 667. The ALJ held a second hearing on February 28, 2017 and heard testimony from Plaintiff, witness Bijon Bowels, medical expert A. Stephen Genest, M.D., F.I.C.S., and vocational expert Kimberly Mullinax. The ALJ issued an unfavorable decision on August 17, 2017. Tr. 569-93. The Appeals Council did not assume jurisdiction within the prescribed period so the ALJ's August 17, 2017 decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.984(a), 416.1484(a). Plaintiff initiated this action for judicial review on December 15, 2017. ECF Nos. 1, 3.

**STATEMENT OF FACTS**

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 37 years old at the amended date of onset. Tr. 219. She completed her GED in 2000 and reported some nursing training completed in 2000. Tr. 262. She reported that her work history includes the jobs of adult care

provider, bus driver's aid, nursing assistant, preschool teaching assistant, a temporary worker, and cashier. Tr. 262, 285. She stopped working on February 23, 2011. Tr. 261.

On August 12, 2011, Dr. Kumar completed a psychological consultative evaluation of Plaintiff and provided the following opinion based solely on Plaintiff's Mental Status Examination performed that day:

> She has no psychiatric impairment in her ability to perform simple and repetitive tasks. She may have moderate difficulty with detailed and complex tasks due to significant problems with memory and concentration, which could be a combination of both a history of [attention deficit disorder], as well as cognitive manifestations of depression.
>
> The claimant's ability to accept instructions from supervisors appears mildly to moderately impaired due to a history of having problems with authority figures, irritability, and a low threshold for work stress. Similarly, her ability to interact with coworkers and the public is moderately to severe[ly] impaired primarily due to her anxiety spectrum issues.
>
> The claimant's ability to perform work activities on a consistent basis without special or additional instruction is also moderately impaired due to the episodic nature of depression in which she would likely not be able to have a very consistent attendance at work.
>
> Similarly, I would expect her psychiatric conditions, primarily her anxiety, to be disruptive in a normal workday or workweek.
>
> The claimant's ability to deal with the usual stress encountered in the workplace is also moderately to severely impaired due to a history of very poor coping skills, being easily emotionally overwhelmed, and having significant depression and anxiety comorbidities.

Tr. 354-60.

Plaintiff experienced her first seizure in October of 2011. Tr. 382, 403, 534.

On June 15, 2012, Plaintiff was evaluated by her treating provider K. Scott Reinmuth, M.D. Tr. 865-69. He opined that Plaintiff was severely limited, defined as "[u]nable to meet the demands of sedentary work" until she was seizure free for six months and then limited to sedentary work for any period of time after she was seizure free for six months. Tr. 867.

On March 5, 2013, Dr. Reinmuth completed a second opinion stating that Plaintiff's impairments, including epilepsy, and side effects from her medications resulted in the need to lie down for an hour or so and that she would likely miss work four or more days a month if she attempted a forty-hour work week. Tr. 408-09. He stated that "she hasn't worked since 2005, [and] couldn't tolerate a 40 hour week at this stage." Tr. 409. Dr. Reinmuth stated that these limitations had been present since June of 2005 based on Plaintiff's statements. *Id*.

At the February 28, 2017 hearing, Dr. Genest testified that Plaintiff's seizures met listing 11.02A as of October of 2011. Tr. 624.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative

findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs which the claimant can perform exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On August 17, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 23, 2011, the amended date of onset. Tr. 572.

At step two, the ALJ determined Plaintiff had the following severe impairments: seizure disorder; back condition; depressive disorders; anxiety

disorder; and personality disorder. Tr. 572.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 573.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of light work with the following limitations:

> she is limited to frequent overhead reaching with the right upper extremity, but otherwise has no reaching or other manipulative limitations. She can stand, walk, or sit for at least 2 hours at a time for a total of 6 hours in an 8-hour day; in other words, in an 8-hour workday, she has the ability walk for a total 6 hours, stand for total of 6 hours, and sit for a total of 6 hours. She can frequently climb ramps and stairs; can occasionally climb ladders, ropes, or scaffolds; and can occasionally stoop, kneel, crouch, and crawl. She should never work at unprotected heights or around moving mechanical parts that could expose her to injury. She cannot operate motor vehicles.
>
> She can understand, remember, and carry out simple instructions. She can make decisions commensurate with the functions of unskilled work. That is, work that needs little or no judgment to do simple duties and that a person can learn to do in 30 days. Little specific vocational preparation or judgment is needed. She can respond to supervision but should not be required to work in close coordination with coworkers where teamwork is required. She can deal with occasional changes in the work environment and can do work that requires no contact with the general public.

Tr. 575-76. The ALJ identified Plaintiff's past relevant work as a bus monitor and concluded that Plaintiff was not able to perform this past relevant work. Tr. 592.

At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the

national economy Plaintiff could perform, including the jobs of housekeeping cleaner, mail clerk, and hand packager. Tr. 592-93. The ALJ concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from February 23, 2011, through the date of the ALJ's decision. Tr. 593.

**ISSUES**

The initial question presented was whether substantial evidence supported the ALJ's decision denying benefits and, if so, whether that decision was based on proper legal standards. Plaintiff argued that the ALJ erred by failing to properly weigh the medical source opinions. ECF No. 14. Defendant conceded that the ALJ's decision was not supported by substantial evidence and Plaintiff is entitled to judgment. ECF No. 19 at 1-2. Therefore, the issue before the Court is whether the case should be remanded for an immediate award of benefits or if the case should be remanded for further proceedings.

**DISCUSSION[1]**

Plaintiff alleged that the ALJ erred in the treatment of the opinions from A. Stephen Genest, M.D., Karl Scott Reinmuth, M.D., Tushar Kumar, M.D., Mark Duris, Ph.D., Dick Moen, MSW, William R. Drenguis, M.D., and the State agency psychological consultants. ECF No. 14 at 14-20. Defendant concedes that the ALJ erred in his treatment of the medical opinions and in the treatment of Plaintiff's subjective statements and argued that the opinions of Dr. Genest and Dr.

---

[1] In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

ORDER GRANTING PLAINTIFF'S MOTION . . . - 7

Reinmuth were in conflict and medical evidence needed further consideration. ECF No. 19 at 4-13.

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Secretary of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); s*ee also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

Here, the Court finds that Plaintiff is likely eligible for benefits, but that there is an outstanding issue that must be resolved before a determination can be made. The Court specifically finds that Plaintiff likely meets listing 11.02A as of October 28, 2011, the onset of her epilepsy. *See* Tr. 382. However, because it is unclear if Plaintiff is disabled between her alleged date of onset, February 23, 2011, and the onset of her epilepsy in October of 2011, the Court must remand for additional proceedings.

In June of 2012, Dr. Reinmuth opined that Plaintiff was unable to meet the demands of sedentary work, but his opinion was silent as to when this severe limitation began. Tr. 865-69. However, the opinion is clearly based on Plaintiff's

epilepsy because the opinion changed based on the period of time Plaintiff could go without a seizure. Tr. 867. Therefore, this opinion provides no insight into her functional ability prior to October of 2011.

Dr. Reinmuth's second opinion states that the opined limitations were present since "about June of 2005, [Plaintiff] thinks," and stated that "she hasn't worked since 2005 [and] couldn't tolerate a 40 hour week at this stage." Tr. 409. This is inconsistent with Plaintiff's earnings records and her statements that she worked until February 23, 2011. Tr. 241-42, 261. Therefore, this cannot establish an onset prior to the October 2011 onset of epilepsy.

Dr. Kumar's August 12, 2011 opinion clearly reflected Plaintiff's impairments as of the evaluation. While he stated he reviewed previous records, Tr. 354, he qualified his opinion with "The following opinion is based solely on the claimant's psychiatric Mental Status Examination." Tr. 359. Therefore, this Court cannot extrapolate the opined limitations back six months to the alleged date of onset.

While the evidence in this case likely establishes disability, it is remanded for additional proceedings to establish the appropriate onset date. Upon remand, the case is to be assigned to a new ALJ.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Remand, **ECF No. 19**, is **GRANTED**.
2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED, in part**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.
3. Application for attorney fees may be filed by separate motion.

///

///

///

1 | The District Court Executive is directed to file this Order and provide a copy
2 | to counsel for Plaintiff and Defendant. **Judgment shall be entered for Plaintiff**
3 | and the file shall be **CLOSED**.

DATED November 30, 2018.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE